## Case No. 3,589.

### DAVENPORT v. The SEA FLOWER.

[9 Betts, D. C. MS. 26.]

District Court, S. D. New York. March 18, 1847.[1]

MARITIME LIENS—ADVANCES AND REPAIRS—WAIVER—BONA FIDE PURCHASER.

[A lien arising upon advances made to pay for salvage and repairs is waived, as against a subsequent bona fide purchaser without notice, by taking a time draft duly accepted.]

[Libel by John Davenport against the brig Sea Flower for advances made to pay for salvage and repairs.]

BETTS, District Judge. It appearing to the court, upon the pleadings and proofs in this cause, that the Croton Insurance Company, of the city of New York, underwrote on the 31st of October, 1845, a policy of insurance on the brig Sea Flower, for one year, in the sum of $4,000, in favor of the claimants in this cause, her then owners: and it further appearing to the court that, because of injuries by collision and perils of the sea, the said brig was, on the 13th of February, 1846, abandoned by the claimants, as a total loss, to the said insurance company, and such abandonment was duly accepted by said insurance company; thereby becoming liable to satisfy to the claimants the whole amount of said policy: and it further appearing to the court that said brig, after the injuries received as aforesaid at sea, was carried into the port of St. George, in the island of Bermuda, by salvors, and was there duly libelled and attached for the recovery of salvage compensation therefor: and it further appearing to the court that the said Croton Insurance Company, after her abandonment to them, procured the libellant to advance at Bermuda the monies necessary for the reparation and refitment of said brig, and the satisfaction of salvage, costs, and other expenses chargeable upon her there, and that the libellant, at such request, advanced for the necessities of said brig the sum of $1,381.45, for which sum a bill of exchange, at sight, was drawn to the order of the libellant on the president of said insurance company, by their agent at Bermuda; the said agent stating to the agent of the libellant, when the bill was delivered, that he had authority to draw only at a credit of 30 or 40 days: and it further appearing to the court that the said brig, after such repairs, returned to this port, into the possession of the Croton Insurance Company, and that on such arrival of the brig, the president of said company refusing to accept the bill of exchange drawn on him in favor of the libellant at sight, a new bill of exchange was drawn on the said president for $1,381.45, the amount of the charges and expenses of the libellant as aforesaid, payable 40 days after sight, and

was duly presented to him and accepted by him on the 18th day of April, 1846, and was delivered to and received by the agent of the libellant: and it further appearing to the court that the brig remained in possession of the Croton Insurance Company, without hypothecation to the libellant, and on the 27th of April, 1846, was by the company sold and transferred to the claimants, and received and accepted by them in part satisfaction of the amount due from the company to them on the policy of insurance aforesaid, and thereupon went into the exclusive possession of the claimants: and it further appearing to the court that the claimants, at the time the brig was transferred to and accepted by them, had no notice of any claim or lien of the libellant upon her, and that the transaction on their part was bona fide and for a valuable consideration: and it further appearing to the court that the said Croton Insurance Company, at the time of accepting said bill of exchange and making the transfer of the brig as aforesaid, was transacting its regular business, and continued to pay its engagements and liabilities until the 15th of May thereafter, at which time it stopped payments, and before the maturity of said bill of exchange became wholly insolvent, and that the same remains unpaid: and it further appearing to the court that this bill was filed and said vessel attached on the 22d day of May, 1846, for the recovery of the sum included in and intended to be secured by the said bill of exchange,—it is considered by the court that, upon the facts and circumstances in proof in this case, the libellant must be decreed to have lost or waived all liens on said vessel, as against the existing rights and interest of the claimants thereon. Wherefore, it is ordered and decreed by the court that the libel be dismissed, with costs to be taxed, and that the said brig be discharged from her arrest in this case, and be delivered up to the claimants, unless this decree be appealed from according to the course of the court.